J-S39012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSHUA D. HERDER | : | |
| | : | |
| Appellant | : | No. 3522 EDA 2018 |

Appeal from the PCRA Order Entered September 18, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007152-2008

BEFORE:   GANTMAN, P.J.E., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.:                **Filed: August 20, 2019**

Appellant, Joshua D. Herder, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed as untimely his second petition filed under the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court opinion accurately set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.[1]  We add that on September 18, 2018, the court dismissed Appellant's

_____

[1] Additionally, the PCRA court refers to two underlying criminal docket numbers in this case.  Although Appellant filed the current PCRA petition at both docket numbers, this appeal relates only to docket No. CP-51-CR-0007152-2008.  Thus, we see no jurisdictional impediments to our review under **Commonwealth v. Walker**, ___ Pa. ___, 185 A.3d 969 (2018) (requiring separate notices of appeal from single orders which resolve issues arising on separate trial court docket numbers).

_____

*   Former Justice specially assigned to the Superior Court.

PCRA petition as untimely. The original order sent to Appellant was returned to the court as "undeliverable" due to a prison mailing issue. The court sent Appellant notice of the order dismissing his PCRA petition for a second time on November 19, 2018. Appellant timely filed a *pro se* notice of appeal on November 30, 2018.

On appeal, Appellant claims the court erred by dismissing his PCRA petition as untimely where Appellant satisfied the "newly-discovered facts" exception to the PCRA time-bar, relying on **Commonwealth v. Cruz**, 578 Pa. 325, 852 A.2d 287 (2004) (holding claims of mental incompetence **may** satisfy "newly-discovered fact" exception where alleged mental incompetence prevented defendant from raising claims earlier, in timely manner; remanding to afford appellant opportunity to prove that his past incompetence rendered him unable to discover factual bases for collateral claims, and appellant filed PCRA petition within 60 days of becoming competent).[2]

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Jeffrey P. Minehart, we conclude Appellant's issue merits no relief. The PCRA court

---

[2] Appellant did not present a statement of questions involved, in contravention of Pa.R.A.P. 2116. **See** Pa.R.A.P. 2116 (explaining statement of questions involved must state concisely issues to be resolved, expressed in terms and circumstances of case but without unnecessary detail); **Commonwealth v. Maris**, 629 A.2d 1014 (Pa.Super. 1993) (stating noncompliance with Rule 2116 is particularly grievous because statement of questions involved defines specific issues for review).

opinion comprehensively discusses and properly disposes of the question presented. (**See** PCRA Court Opinion, filed December 5, 2018, at 3-8) (finding: current PCRA petition is facially untimely; in general, mental illness or incompetence does not meet exception to PCRA time-bar; Appellant failed to offer any proof that he could not litigate issues raised in his second PCRA petition due to mental incompetence and just recently regained sufficient mental acuity to do so; Appellant did not attach expert report or other proof to establish he was incompetent; Appellant failed to plead and prove at what point he allegedly regained competency to show that he filed his petition within relevant statutory window;[3] Appellant's reliance on **Cruz** is misplaced; moreover, Appellant previously litigated in his first PCRA petition his underlying claim of trial counsel's ineffectiveness, for failing to obtain and present psychiatric evidence to support insanity or guilty but mentally ill defense). Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

_____

[3] The PCRA court states Appellant was required to file his current PCRA petition within 60 days of discovering his alleged "new fact." As of December 24, 2018, Section 9545(b)(2) now allows any PCRA petition invoking a timeliness exception to be filed within **one year** of the date the claim first could have been presented. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018]. This amendment applies to claims arising on or after December 24, 2017. Appellant filed the current PCRA petition on July 3, 2018, so the amendment applies to him. As the trial court observed, however, Appellant did not substantiate his bald assertion that he had "recently" become competent. Therefore, in any event, Appellant failed to show he had met the time allowed under Section 9545(b)(2) to invoke an exception under Section 9545(b)(1).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/19

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CRIMINAL TRIAL DIVISION**

FILED

2018 DEC -5 PM 12: 56

OFFICE OF JUDICIAL RECORDS
CRIMINAL DIVISION
FIRST JUDICIAL DISTRICT
OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA     : COURT OF COMMON PLEAS
                                        : PHILADELPHIA COUNTY
               :
          vs.                  : NOS.: CP-51-CR-0007152-2008
                                          :          CP-51-CR-0007157-2008
               :
JOSHUA HERDER,                   :
          Appellant           :



CP-51-CR-0007152-2008 Comm. v. Herder, Joshua
Opinion

8198083831

## OPINION

This is an appeal from an order issued on September 18, 2018, dismissing the above-named appellant's second Post-Conviction Relief Act, 42 Pa.C.S. 9541 *et seq.*, petition (hereinafter PCRA) because the petition was untimely filed and none of the exceptions to the PCRA's one-year deadline applied to excuse the late filing of the petition. By way of background, appellant was charged in both of the above Bills of Information with murder, generally, and possessing instruments of crime, generally. In one of the cases appellant fatally stabbed Mr. Robert Kitchen inside the boarding home in which appellant and the victim resided. On December 7, 2007, while incarcerated at the Philadelphia Industrial Correctional Facility awaiting trial on the first murder, appellant strangled Mr. Charles Kirkland inside the Philadelphia Industrial Correctional Facility. In both instances, appellant maintained that he had been attacked by the victims and acted in self-defense.

1

Appellant was tried before this Court, sitting without a jury, in March of 2009.[1] On March 23, 2009, this Court found appellant guilty of two counts of first-degree murder and possessing instruments of crime, generally. Following the recording of the verdicts, the mandatory sentence of life imprisonment was imposed on both of the first-degree murder charges. These sentences were ordered to run consecutively to one another. Verdicts without further penalty were entered on the two weapons offenses. Appellant filed neither post-sentence motions nor an appeal after he was sentenced

On December 24, 2009, appellant filed a *pro se* petition pursuant to the PCRA.[2] Counsel was appointed to represent him and thereafter filed an amended petition asserting that trial counsel had been ineffective for failing to obtain mental health reports on appellant for the purpose of presenting an insanity and/or guilty but mentally ill defense. This Court conducted an evidentiary hearing on appellant's claim on January 26, 2015, and at the conclusion of the hearing this Court dismissed the petition.

Appellant thereafter filed a notice of appeal and on September 15, 2015, the Superior Court affirmed the order denying appellant PCRA relief. Commonwealth v. Herder, 133 A.3d 70 (Pa. Super. 2015) (Table). Appellant thereafter filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which the Court denied on February 17, 2016. Commonwealth v. Herder, 131 A.3d 490 (Pa. 2016) (Table).

On July 3, 2018, appellant filed a facially untimely *pro se* PCRA petition. Upon carefully reviewing appellant's filings, the entire record, and the applicable law, this Court, on August 22, 2018, sent appellant a Pa.R.Crim.P 907 Notice of Intent to Dismiss.

[1] The instant matter was originally a death penalty case. In exchange for defendant's waiver of his right to a jury trial, the Commonwealth agreed not to seek the death penalty in the event defendant was convicted of first-degree murder. (N.T. 3/5/09, 11-12).

[2] The delay in litigating this matter stems from a change in PCRA counsel and difficulty in having defendant examined by a mental health expert.

2

Appellant filed a response thereto on September 13, 2018. On September 18, 2018, after again reviewing the entire record, this Court entered an order denying appellant PCRA relief because it determined that appellant did not timely file his second PCRA petition and that none of the three exceptions to the one-year time bar excused appellant's untimely filing of his second *pro se* petition. Appellant thereafter filed a *pro se* notice of appeal.[3]

## DISCUSSION

In his second *pro se* PCRA petition appellant argued that although filed outside the PCRA's one-year time limit, his petition should be considered timely filed pursuant to Commonwealth v. Cruz, 852 A.2d 287 (Pa. 2004), because he was incompetent during the time period in which he was legally required to seek PCRA relief and he filed the instant petition within sixty days of the date he became sufficiently competent to proceed. Appellant also argued that trial counsel was ineffective for failing to acquire evidence of his mental impairments for the purpose of raising either an insanity or guilty but mentally ill defense because there was sufficient evidence available to support those legal theories. It is submitted that appellant failed to meet his burden of establishing an exception to the one-year filing requirement and thus, it is respectfully suggested that this Court's order denying PCRA relief be affirmed.

In reviewing the propriety of the PCRA court's dismissal of a petition without a hearing, the reviewing court is limited to determining whether the court's findings are supported by the record and whether the order in question is free of legal error. Commonwealth v. Holmes, 905 A.2d 507, 509 (Pa. Super. 2006) citing Commonwealth

---

[3] It is noted that this Court sent a copy of the order dismissing appellant's PCRA petition on the date the order was issued. However, due to a new prison mail procedure, the Order was returned as undeliverable. The Court thereafter re-sent appellant the order and he filed his appeal upon receipt of the order.

3

v. Halley, 870 A.2d 795, 799 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Commonwealth v. Carr, 768 A.2d 1164, 1166 (Pa. Super. 2001). A PCRA court may decline to hold a hearing on the petition if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. Commonwealth v. Jordan, 772 A.2d 1011, 1014 (Pa. Super. 2001). The reviewing court on appeal must examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and denying relief without an evidentiary hearing. Id. See also Commonwealth v. Hardcastle, 701 A.2d 541, 542 (Pa. 1997).

The one-year time limit set forth in the P.C.R.A. is jurisdictional, Commonwealth v. Yarris, 731 A.2d 581 (Pa. 1999). Commonwealth v. Peterkin, 722 A.2d 638, 641 (Pa. 1998); Commonwealth v. Hernandez, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment is final and a petitioner has the burden of proving that an exception to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), applies to excuse the filing of a petition after the one-year deadline has expired.[4]

---

[4] The exceptions to the PCRA's one-year time limit are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

4

See 42 Pa.C.S § 9545(a), (b); Commonwealth v. Bennett, 930 A.2d 1264, 1272 n.11 (Pa. 2007); Commonwealth v. Crews, 863 A.2d 498, 501 (Pa. 2004).

A petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." See Hernandez, 79 A.3d at 651-52 (citation omitted); see also 42 Pa.C.S. § 9545(b)(2). Moreover, any exception to the PCRA's time bar must be pleaded in the petition, "and may not be raised for the first time on appeal." Commonwealth v. Burton, 936 A.2d 521, 525 (Pa. Super. 2007) (citations omitted). Finally, an untimely petition may not be addressed simply because it is couched in terms of ineffectiveness. Peterkin, 722 A.2d at 643.

Appellant's judgment of sentence became final well prior to his recent attempt to obtain post-conviction collateral relief from his conviction and thus, his current PCRA petition is patently untimely.[5] Appellant recognized that his petition was not timely filed and in an effort to overcome the PCRA time bar he, as noted above, claimed that he was incompetent during the time period set by law to file a timely PCRA petition and, thus, his second PCRA petition was timely filed. Appellant was mistaken because the Cruz exception did not excuse the late filing of his second PCRA petition and even if it did somehow apply, appellant failed to meet its stringent standards

In Pennsylvania, mental illness or incompetence, without more, is generally not an exception to the PCRA's time bar. See, e.g., Commonwealth v. Monaco, 996 A.2d

---

provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

[5] Appellant did not file either post-sentence motions or a direct appeal following the imposition of sentence upon him so his conviction became final thirty days after May 23, 2009, the date this Court sentenced him. "For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

1076, 1081 (Pa. Super. 2010) ("mental illness or psychological condition, absent more, will not serve as an exception" to the time bar); Commonwealth v. Hoffman, 780 A.2d 700, 703 (Pa. Super. 2001) ("claim of mental illness does not fit any exception to the [PCRA]'s time limits"). In order to establish jurisdiction, a defendant claiming incompetence may satisfy the newly-discovered fact exception, set forth in §9545(b)(1)(ii), by proving: "(1) that he was and remained incompetent throughout the period during which his right to file a PCRA petition lapsed; and (2) that his current petition was timely filed within 60 days of his becoming sufficiently competent to ascertain the facts upon which his underlying claims are predicated." See Cruz, 852 A.2d at 288 (a defendant must "prove that he was incompetent at the relevant times and that that incompetence qualifies under the after-discovered evidence exception").

Here, appellant did not offer any such proof other than his own allegations that he could not litigate the issues raised in his second PCRA petition because of mental incompetence and just recently regained sufficient mental acuity to do so. He did not attach an expert report or other indicium of proof establishing that he was incompetent. Thus, appellant's reliance on Cruz, 852 A.2d 287 (Pa. 2004), is misplaced.

In that case, Cruz was lobotomized by a self-inflicted gunshot wound. When a person is lobotomized, they "lose all sense of temporal awareness." Id. at 290. Cruz could not "express emotions" or "discuss the facts of the case in a sensible way." Id. at 288-289. Under those exceptional circumstances, the Pennsylvania Supreme Court held that Cruz's mental incompetence, "if proven, may satisfy the requirements" of the newly-discovered evidence exception. Id. at 288 (emphasis in original); see also Monaco, 996 A.2d at 1080-81 ("only under [Cruz's] very limited circumstance has the Supreme Court

6

ever allowed a form of mental illness or incompetence to excuse an otherwise untimely PCRA petition") (emphasis added). Appellant failed to present any exceptional circumstances in his most recent filing and thus, he failed to establish that he timely filed his most recent petition.

Appellant also failed to plead and prove at what point he supposedly returned to competency, and therefore failed to show that he filed his petition within 60 days of that date. His self-serving and unsubstantiated claim that he recently became competent and filed his second petition within sixty days of becoming so is inadequate to satisfy that requirement. Commonwealth v. Liebensperger, 904 A.2d 40, 48 (Pa. Super. 2006) (dismissing PCRA petition as untimely where Liebensperger "offered nothing to indicate when, if ever ... he passed from incompetence to competence"); see also Commonwealth v. Pagan, 864 A.2d 1231, 1233 n.1 (Pa. Super. 2004) (dismissing PCRA petition as untimely where "appellant was found competent in 1999; [but] his PCRA petition was not filed until four years later").

This is especially the case because appellant previously litigated a PCRA petition. At no time during that proceeding did appellant assert that he was incompetent and incapable of meaningfully litigating his PCRA petition. In fact, he testified during that proceeding without difficulty. Consequently, unlike in Cruz - which involved a first PCRA petition - appellant here was plainly able to file and litigate a timely petition. The Court determined that this alone fatally undermined appellant's attempt to establish jurisdiction.

In any event, even if Appellant had been able to establish that the Cruz exception to the time-bar applied, he still would not have been entitled to relief. This is so because

7

appellant raised essentially the same claim he sought PCRA relief on in his second PCRA petition, namely, that trial counsel provided him with ineffective assistance of counsel by failing to obtain and present psychiatric evidence to support either an insanity or guilty but mentally ill defense, in his first PCRA petition, a claim this Court deemed unworthy of relief. That alone would have resulted in the denial of PCRA relief. See 42 Pa.C.S. § § 9543(a)(3) and 9544(a)(2) (PCRA relief is not available for claims that were previously litigated on direct appeal); Commonwealth v. Beasley, 678 A.2d 773, 778 (Pa. 1996) (PCRA petitioner "cannot obtain post-conviction review of claims previously litigated on appeal"); Commonwealth v. Marshall, 812 A.2d 539, 544-45 (Pa. 2002) (petitioner was not entitled to relief under the PCRA where his claim was an attempt to relitigate the same issue that he previously raised on direct appeal). Therefore, it is respectfully suggested that if the Honorable Court determines that appellant's second PCRA petition was timely filed, that no relief is due him.

## CONCLUSION

Based on the foregoing, the order denying appellant relief on his second PCRA petition should be affirmed.

By the Court,

DATE: 12/5/18

Honorable Jeffrey P. Minehart

8